# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2012

Lyle W. Cayce
Clerk

No. 11-50696
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EMMANUEL BUENAVENTURA REYES-OCHOA, also known as Emmanuel
Reyes-Ochoa, also known as Emmanuel Reyes, also known as Emmanuel
Buenaventura Reyes,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2925-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Emmanuel Buenaventura Reyes-Ochoa appeals his jury-trial conviction
for using a passport secured by a false statement, in violation of 18 U.S.C.
§ 1542. He contends: the district court erred in denying his motions for
judgment of acquittal because the Government failed to present evidence that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

he "willfully and knowingly" provided a false statement on his passport application. *See* 18 U.S.C. § 1542.

Because Reyes preserved in district court this sufficiency-of-the-evidence contention, our review is *de novo*. *E.g.*, *United States v. Medina*, 161 F.3d 867, 872 (5th Cir.1998). The evidence is viewed "in the light most favorable to the government with all reasonable inferences and credibility choices made in support of a conviction". *United States v. Anderson*, 559 F.3d 348, 353 (5th Cir. 2009) (citation and internal quotation marks omitted). "[I]f the evidence would permit a rational fact finder to find every element of the offense beyond a reasonable doubt, [our court] must affirm". *Id.* (citation and internal quotation marks omitted).

To obtain a conviction under 18 U.S.C. § 1542, the Government must prove beyond a reasonable doubt that defendant "willfully and knowingly ma[de] any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States". "[A]ny false statement, knowingly and willfully made, suffices" to support the conviction. *United States v. Najera Jimenez*, 593 F.3d 391, 398 (5th Cir. 2010).

The trial evidence included birth certificates for Reyes from both Mexico and Texas; the latter was a delayed birth certificate dating to ten years after his birth, which he had relied upon in his passport application. Reyes admitted knowing as early as 1987 about the questions surrounding his citizenship. He further admitted he did not disclose his prior deportation history or the existence of his Mexican birth certificate at the time he applied for his passport, because he knew such disclosure would have resulted in his passport application's being denied. Reyes insisted he did not make a false statement on the application, however, because he believed his Mexican birth certificate was not legitimate. His mother also testified that he was born in the United States.

A reasonable juror was free to reject the testimony of Reyes and his mother and find the Government's evidence more credible. *E.g.*, *Najera Jimenez*,

593 F.3d at 399. Along that line, a reasonable juror could have inferred Reyes knew his Texas birth certificate was fraudulent and his sworn statement of United States citizenship was false; and, therefore, could have found he knowingly and willfully made false statements with the intent to secure a United States passport.

AFFIRMED.